UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**United States of America,**

      *Plaintiff,*

v.                 Case No. 3:19-cr-098 (4)
                     Judge Thomas M. Rose

**Kieran Chandre Furness,** *et al.***,**

      *Defendants.*

---

**ENTRY AND ORDER GRANTING DEFENDANT WILLIAM BAYLOR'S MOTION TO SEVER CASE FOR PURPOSES OF TRIAL. ECF 123.**

---

  This matter is before the Court on Defendant William Baylor's Motion to Sever Case for Purposes of Trial. ECF 123. The United States has filed a response in opposition, ECF 124, to which Baylor has replied, ECF 127, rendering the matter ripe for review.

  **I. Background**

  On June 2, 2020, the Grand Jury returned a Superseding Indictment charging Defendant William Baylor with three offenses: Conspiracy to Commit Hobbs Act Robbery (Count 1), Attempted Hobbs Act Robbery (Count 7), and Use of a Firearm During the Commission of an Offense of Violence (Count 15). The Superseding Indictment charged Baylor's Co-Defendant,

Kieran Furness, with fourteen offenses. Baylor and Furness are presently scheduled to be tried jointly beginning on April 5, 2020.

**II. Analysis**

Criminal defendants may be indicted together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, the trials of even properly joined defendants may be severed if a joint trial "appears to prejudice a defendant[.]" Fed. R. Crim. P. 14(a).

"There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Therefore, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. In order to be entitled to severance, a defendant "must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)).

Severing defendants for trial is within the district court's sound discretion. *United States v. Martinez*, 432 F. App'x 526, 529 (6th Cir. 2011). *United States v. Mattox*, No. 1:09-CR-257-02, 2012 WL 1448296, at *7 (W.D. Mich. Apr. 26, 2012). Appellate courts will not reverse a trial court's independent decision to sever, unless it can be shown that the defendants were prejudiced in some way by the court's granting severance. See *Jackson v. United States*, 412 F.2d at 151.

2

Important considerations in deciding whether to sever defendants include the inherent problems entailed with any mass trial, which involve the presence of numerous defendants and their counsel, several-count indictments, violations of multiple criminal statutes and varying and complicated factual situations, can prejudice individual defendants. See *United States v. Branker*, 395 F.2d 881, 887-888 (2d Cir. 1968); *United States v. Vida*, 370 F.2d at 765. Closely related to this is the due process requirement under the Fifth Amendment mandating a fair trial before an impartial jury to each individual defendant. This due process right is often usurped when many defendants are tried together, thus increasing the likelihood of the serious risk of confusion to the jury which could result from the aforementioned problems of a mass trial. This can lead to jurors being unable to sort out the counts charged and the evidence presented against each individual defendant in order to impartially determine guilt or innocence. This problem of guilt by association or numbers is maximized by the size, diversity and complexity of the trial. See *Gwathmey v. United States*, 215 F.2d 148, 156 (5th Cir. 1954); *United States v. Haupt*, 136 F.2d 661, 673 (7th Cir. 1943).

What predominates here, however, is the right of the court to manage its own criminal trial calendar. See *United States v. Guterma*, 181 F. Supp. at 196; see also *United States v. Cianciulli*, 476 F. Supp. 845, 846–48 (E.D. Pa. 1979) *United States v. Hudson*, 53 F.3d 744, 747 (6th Cir. 1995) (citing *Swift*, 809 F.2d at 323); *United States v. Hicks*, 191 F.3d 453 (6th Cir. 1999)

The present COVID-19 pandemic has made it impractical and unsafe to hold a joint jury trial of Baylor and Furness. Severance can be proper even when only two defendants are involved. See *United States v. Barner*, No. 8:06CR114, 2006 WL 3544714, at *1 (D. Neb. Dec. 8, 2006). While one courtroom in the courthouse has been outfitted with protective measures, such

3

as plastic shields, to facilitate a jury trial, that courtroom cannot accommodate a multi-defendant jury trial in a manner that protects all defendants, their counsel, the Court and its staff, and the jury consistent with current COVID19 protection standards.

The Court is concerned with the number of people a joint trial would place in the courtroom during the current pandemic. It is true that having two trials, instead of one, would negatively impact judicial resources. The Court does not downplay the significance of this factor, particularly now when the trials in many criminal cases have been continued due to the virus. However, COVID19 poses another problem, given the limited size of the Court's physical size and the space needed to adapt precautions attempting to address the current contagion. *United States v. Chasteen*, No. 3:20-CR-8, 2020 WL 5267935, at *4 (E.D. Tenn. Sept. 3, 2020). The Court is able to schedule a second trial and trusts the Government can arrange for its witnesses to arrange to attend two trials. Accordingly, the unique issues presented by the present global crisis, the safety of the parties, the Court and its staff, and the members of the public who would be serving as jury members, favor a severance of the trials of Baylor and Furness.

Additionally, in a joint trial, the disparity in the amount of evidence and charges against Furness, on the one hand, and Baylor on the other, would result in unnecessary prejudice to Baylor. The Superseding Indictment charges Furness with fourteen separate offenses, while charging Baylor with only three. The vast majority of the charges against Furness involve events concerning which the government does not allege that Baylor had any involvement. In fact, some of the charges against Furness involve events that predate the beginning of Baylor's alleged involvement in the conspiracy by multiple years. The practical result is that the jury at a joint trial will hear substantially more evidence regarding Furness's conduct than that of Baylor.

Therefore, there is a danger that, despite any cautionary instructions given by the Court, a jury could vote to convict Baylor based on a theory of "guilt by association" after hearing the evidence against Furness.   When defendants "are tried together in a complex case and they have markedly different degrees of culpability, th[e] risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U. S. 750, 774-775 (1946)).

### III. Conclusion

In light of the Court's concern that a joint trial of Baylor with Furness would present safety risks related to COVID19 as well as substantial prejudice to Baylor's right to a fair trial, the Court **GRANTS** Defendant William Baylor's Motion to Sever Case for Purposes of Trial. ECF 123.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 25, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE