IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,    :  Case No. 3:19-cr-00098
              Civil Case No. 3:25-cv-00227

              District Judge Thomas M. Rose
- vs -           Magistrate Judge Michael R. Merz

KIERAN CHANDRE FURNESS,

    Defendant.    :

## REPORT AND RECOMMENDATIONS; ORDER DENYING APPOINTMENT OF COUNSEL

  This criminal case is before the Court on Defendant Kieran Furness's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 227). The Motion to Vacate has been referred to the undersigned by District Judge Thomas M. Rose (ECF No. 229).

  The first task of an assigned Magistrate Judge on a § 2255 motion to vacate is to review the Motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

1

> response within a fixed time, or take other action the judge may order.

Examination of the Motion shows that it was placed in the prison mailing system June 17, 2025 (ECF No. 227-1, PageID 978). Although the Clerk did not receive and docket the Motion to Vacate until July 7, 2025, under the "mailbox rule" for incarcerated litigants, the date of mailing counts as the date of filing. *Houston v. Lack*, 487 U.S. 266 (1988).

Examination of the docket shows that Defendant was sentenced February 23, 2022 (Minutes, ECF No. 213). Judgment was entered the next day, February 24, 2022 (ECF No. 214). Under Fed. R. App. P. 4(b)(1), Defendant's time to appeal expired fourteen days later on March 10, 2022. Defendant did not file a notice of appeal before that deadline or at any time thereafter.

28 U.S.C. § 2255(f) provides a one-year statute of limitations for § 2255 proceedings. Under 28 U.S.C. § 2255(f)(1), the statute runs from the date on which the judgment of conviction became final. In this case that date was March 10, 2022. The statute expired March 10, 2023. Because Defendant did not file his Motion to Vacate until July 7, 2025, more than twenty-seven months after his conviction became final, the Motion is barred by the statute of limitations.

Because the Motion to Vacate is time-barred, the Motion to Appoint Counsel (ECF No. 228) is moot and is hereby DENIED.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 9, 2025.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #